# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10465

FOX ELECTRIC I LTD

       Plaintiff - Appellant

v.

AMERISURE INSURANCE COMPANY

       Defendant - Third-Party-Plaintiff-Appellee - Appellant

  v.

THE TRAVELERS LLOYDS INSURANCE COMPANY

       Third-Party Defendant - Appellee

---

Appeal from the United States District Court
for the Northern District of Texas

---

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Fox Electric I, Ltd. ("Fox") was the electrical subcontractor for a condominium project that was the subject of a lawsuit brought by the condominium owners against the developer and the general contractor. The condominium owners alleged structural problems and faulty workmanship. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

developer brought Fox into the suit through a third-party petition. Fox then filed a third-party petition against Amerisure Insurance Company ("Amerisure"), contending that Amerisure owed it a duty to defend in the suit by the developer, under Fox's Commercial General Liability Coverage ("CGL"). Amerisure removed to the federal district court on the basis of diversity. Amerisure and Fox filed cross motions for summary judgment. Fox appeals the district court's grant of summary judgment in favor of Amerisure. Because the injuries alleged are excluded under the "your work" and "impaired work" exclusions of Fox's CGL policy, we AFFIRM.

Fox raises several issues in this appeal. It contends that the district court erred in its interpretation of Texas's eight-corners rule by not determining Amerisure's duty to defend on the basis of the pleadings in the original suit by the condominium owners. Fox argues that, under Texas law, including the Texas Supreme Court's recent opinion in Lamar Homes Inc. v. Mid-Continent Cas. Co., No. 05-0834, slip op. 2007 WL 2459193, Aug. 31, 2007 (Tex.), the underlying petitions alleged a covered "occurrence" of "property damage" under the terms of the CGL policy. Even assuming these arguments are correct, the district court did not err, because the only allegations in the underlying petitions are excluded under the "your work" or "impaired property" exclusions.

Fox's CGL policy excludes coverage for damage to another's property arising out of work or operations performed by Fox ("your work") and property that cannot be used because it incorporates Fox's work or can be restored by repair of Fox's work ("impaired property"). The allegations in the underlying petitions are that Fox negligently performed its contract. The damages alleged involve either Fox's own defective work, such as uncaulked penetrations through fire-rated walls, or caused by Fox's defective work, such as damage to metal stud framing and potential loss of use to repair the damage. Amerisure's duty to

defend is not triggered because even the allegations in the original complaint are excluded by the "your work" and "impaired property" exclusions.

The district court's grant of summary judgment is AFFIRMED. The motions accompanying this appeal to take judicial notice and to dismiss arguments not considered below are DISMISSED as moot.